1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMIE JENSEN, individually and on behalf
of all others similarly situated,

                        *Plaintiff,*

        v.

CAPITAL ONE FINANCIAL
CORPORATION,

                       *Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## Table of Contents

I.      Introduction. ...................................................................................................1

II.     Parties. ..........................................................................................................1

III.    Jurisdiction and Venue. ..................................................................................2

IV.     Facts. .............................................................................................................2

        A.      Washington's Commercial Electronic Mail Act. ....................................2

        B.      Capital One's "Refer a Friend Program." ..............................................3

        C.      Capital One's "Refer a Friend Program" violates CEMA. ......................7

        D.      Plaintiff received illegal referral text messages from Defendant, and was harmed by Defendant's referral text messaging practices. .............................................12

V.      Class Action Allegations. ...............................................................................14

VI.     Claims. ...........................................................................................................15

        Count I: Violation of the Washington Commercial Electronic Mail Act: RCW §19.190 *et seq.* ........................................................................................................15

        Count II: Violation of the Washington Consumer Protection Act: RCW § 19.86 .................17

VII.    Jury Demand. .................................................................................................18

VIII.   Prayer for Relief. ............................................................................................18

CLASS ACTION COMPLAINT
Case No.

i

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I.    Introduction.

1.    Text messages are a simple, straightforward way to communicate and stay in touch with friends, family, and colleagues.  Billions of such text messages are sent every day.

2.    Increasingly, text messages are also used commercially by businesses to advertise their sales, products, and services.  Some consumers want to receive these commercial text messages about products or sales, and give companies their consent to receive them.  But other times, commercial text messages are sent to consumers who never consented to the texts, and do not want to receive them.  More and more people are receiving unwanted commercial text messages about products or services that they have no interest in hearing about.

3.    To protect Washington residents from receiving unwanted text messages from businesses, the Washington legislature passed the Commercial Electronic Mail Act (CEMA).  CEMA prohibits companies conducting business in the state of Washington from initiating or assisting in the sending of commercial text messages to Washington residents, unless the recipient has "clearly and affirmatively consented."[1]

4.    Defendant Capital One Financial Corporation ("Capital One") does business in the state of Washington.  It provides financial products and services to consumers and businesses in Washington.  And, Capital One initiates and assists in the transmission of illegal, commercial text messages to Washington residents who have not given their clear and affirmative consent (or any consent at all).

## II.    Parties.

5.    Plaintiff Tamie Jensen is domiciled in Stanwood, Washington.

6.    The proposed class includes citizens of Washington.

7.    Defendant Capital One Financial Corporation is a Delaware corporation with its principal place of business at 1680 Capital One Drive, McLean, Virginia, 22102.

---

[1] The prohibition is subject to some exceptions that do not apply here.  *See* RCW 19.190.060, 19.190.70.

CLASS ACTION COMPLAINT
Case No.

1

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**III.    Jurisdiction and Venue.**

8.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

9.    This Court has personal jurisdiction over Defendant.  Defendant does business in Washington.  It advertises and sells its products and services in Washington, and serves a market for its products and services in Washington.  Due to Defendant's actions, its commercial text messages have been sent, without consent, to telephone numbers assigned to Washington residents and harmed Washington residents.  Plaintiff's claims arise out of Defendant's contacts with this forum.  Due to Defendant's actions, Plaintiff received Defendant's commercial text message in Washington, and was harmed while in Washington.

10.    Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendant conducts significant business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper under 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state.  Defendant advertises and sells its products and services to customers in this District, this District serves as a market for Defendant's products and services, and Plaintiff's claims arise out of Defendant's contacts in this forum.

**IV.    Facts.**

**A.    Washington's Commercial Electronic Mail Act.**

11.    Americans receive millions of unwanted commercial text messages from businesses each year.

12.    To stop this practice, the state of Washington passed the Commercial Electronic Mail Act (CEMA).  CEMA states, in relevant part, "no person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a Washington resident" unless the

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

recipient has "clearly and affirmatively consented in advance to receive these text messages." RCW §§ 19.190.060-191.190.070.[2]

13.    The statute further states that a violation of the provision is "an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act." *Id.* Thus, a violation of CEMA also violates Washington's Consumer Protection Act, which broadly prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

**B.    Capital One's "Refer a Friend Program."**

14.    Capital One is a banking company that offers credit cards, loans, and other banking services. Capital One promotes its credit card products by using a "Refer a Friend" program. The "Refer a Friend" program pays existing credit cardholders referral bonuses for referring their friends to Capital One.



15.    Through the "Refer a Friend" program, Capital One asks existing credit cardholders to refer friends using a special link created by Capital One. Existing cardholders are directed to text their friends the Capital One link and "Refer a Friend" offer. If the friend uses the link to sign up for a credit

---

[2] The statute contains exceptions that do not apply here. *See, e.g.,* RCW §19.190.070 (exception for texts "transmitted at the direction of a person offering cellular telephone or pager service to the person's existing subscriber at no cost to the subscriber").

CLASS ACTION COMPLAINT
Case No.

3

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  card, the referrer (that is, the exiting Capital One cardholder) receives an incentive bonus award (which

2  can be used for things like statement credits, gift cards, and travel miles).

3  Mobile App

4      16.    Capital One's "Refer a Friend" program can be used via its mobile app. Existing

5  cardholders can access the "Refer a Friend" program through the app:




22      17.    To take advantage of the program, existing cardholders click the "Refer a friend" button

23  on the app.  Capital One then generates a referral link and composes a text message for sharing with

24  contacts. And, cardholders send the message and link to their contacts.  Sample images of the link and

25  the text message generated by Capital One are shown below:

26

27

CLASS ACTION COMPLAINT
Case No.

4

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1

2

3

4

5

6

7

8

9

10

11

12





Website process:

18.    Capital One's "Refer a Friend" program can also be accessed through the website.

Existing cardholders can access the "Refer a Friend" web page[3]:

---

[3] https://www.capitalone.com/credit-cards/refer-a-friend/

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



19.    After the user signs in, Capital One generates a referral link, and directs existing cardholders to copy the referral link:



CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

20.    Capital One then composes a text message, generates a referral link, and instructs the existing cardholders to copy, paste, and send the message and the referral link to their contacts:



21.    Existing cardholders copy the text messages, and send the messages and link to their friends.

**C.    Capital One's "Refer a Friend Program" violates CEMA.**

Through the "Refer a Friend" program, Capital One initiates and assists in the transmission of electronic commercial text messages to Washington residents who have not clearly and affirmatively consented in advance to receive these text messages, and in fact have not consented to receive these text messages at all. Accordingly, Capitol One violates CEMA.

22.    Capital One's Refer a Friend text messages are commercial. They promote Capital One's credit card products. And, they ask recipients to sign up for Capital One credit cards. For example:

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



23.     Capital One initiates the transmission of the commercial Refer a Friend text messages through its agents, its customers tasked with sending "Refer a Friend" messages to their friends.

24.     Capital One cardmembers who use the "Refer a Friend" process are agents of Capital One.  As described in further detail above, Capital One grants cardholders the right to send out referral texts on its behalf.  It composes the messages, creates the links, and tells Capital One cardmembers to send out the referral texts.  It also pays cardmembers with rewards for referring friends.

25.     When initiating the transmission of "Refer a Friend" text messages to their contacts, Capital One cardmembers are actual agents of Capital One. Capital One authorizes them to initiate the transmission of those text messages on Capital One's behalf.  Capital One also controls the process for initiating the sending of commercial text messages to Washington residents described above.  Via both the browser and app, Capital One composes the text for the message, generates the referral links and referral web pages, and directs existing customers to send the messages.  And, Capital One pays existing cardholders incentives for referring their friends, by offering lucrative referral bonuses.

CLASS ACTION COMPLAINT
Case No.

8

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

26.     Capital One cardmembers are also apparent agents of Capital One.  As described in further detail above and below, Capital One creates the impression that Refer a Friend text message recipients are actually dealing with Capital One.

27.     Capital One also ratifies the initiation of the transmission of the commercial text messages. Capital One knows that cardholders use the referral link (via both mobile and website) to text cell phone users in Washington because it promotes its referral program nationwide, including in Washington, and knows that consumers nationwide and in Washington are likely to text cell phone users in Washington with these texts.   Capital One also knows that the text messages are received by Washington residents, because it keeps track of consumers who click the link, and knows that Washington residents click the link.  It also knows that recipients have not consented to receive the commercial text messages, because it keeps track of which Washington consumers have consented.  But Capital One fails to check whether the consumer has consented before directing its existing cardholders to send the "Refer a Friend" messages.

28.     In addition, Capital One assists existing cardholders in transmitting commercial text messages to Washington residents who have not consented to receive the commercial text messages.  As explained in further detail above, Capital One provides substantial assistance and support that allows existing cardholders to formulate, compose, send, and transmit the "Refer a Friend" text messages. As further described above, via both browser and app, Capital One directs existing cardholders to send the text messages, composes the text for the messages, generates links for sending, and assists cardholders in copying, pasting, and sending the text messages.  Capital One also offers existing cardholders lucrative referral bonuses for sending the texts to Washington residents.

29.     The text messages Capital One initiates through its agents, and assists in transmitting, are to Washington residents.  Capital One promotes its referral program nationwide, including to users in Washington, who are likely to send the text messages to other Washington residents.  In addition, users nationwide are likely to send text messages to Washington residents, such as their friends and family who live in Washington.

CLASS ACTION COMPLAINT
Case No.

9

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

30.     The Washington residents to which the text messages are transmitted have not clearly and affirmatively consented in advance to receive these text messages.

31.     Capital One does not obtain clear and affirmative consent prior to the sending of these text messages. In fact, Capital One does not communicate with the recipients prior to the texts being sent, much less obtain clear and affirmative consent.

32.     In addition, Capital One does not check whether the proposed recipient has in fact consented to commercial text messages from Capital One, even though it could.  Capital One maintains records that show which cell phone numbers have consented to commercial text messages from Capital One.  Thus, Capital One could check whether a particular Washington cell phone number has—or has not—consented to commercial text messages from Capital One.  But Capital One does not check whether a recipient has consent before sending the messages.  Capital One could, but does not, block the text messages from being sent to Washington state residents that have not given clear and affirmative consent.

33.     Capital One also fails to require existing cardholders to obtain consent prior to sending the text messages on Capital One's behalf.  It does not ask its card holders who use its Refer a Friend program to prove that they have obtained consent, or even affirm that they have obtained consent, prior to sending the text messages.

34.     The website version of the Refer a Friend program does not mention consent at all.  In the app, the only mention of consent is a sentence in tiny gray text, that mentions obtaining the recipient's consent:

CLASS ACTION COMPLAINT
Case No.

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16     35.     This text is, by far, the smallest text on the page.  The pale gray font blends into the

17  background (in contrast to the large, bolded text that states, "Earn up to 50,000 miles per year").  The

18  consent language is also located beneath the "Refer a Friend" button, so that consumers can click the

19  button without their eyes even needing to pass over this text.  It is designed to go unnoticed.  It does

20  not ask existing cardholders to confirm that they have obtained clear and affirmative consent from the

21  recipients to receive commercial text messages from Capital One.  Because the text is small and designed

22  to go unnoticed, existing cardholders do not read it and do not know they are supposed to obtain

23  consent prior to sending the messages (much less clear and affirmative consent to receive commercial

24  text messages).  Accordingly, they do not obtain such consent.  As a result, consumers in Washington

25  who have not clearly and affirmatively consented (and in fact, have not consented at all) to receiving

26  these messages, receive these unwanted commercial text messages.

27

CLASS ACTION COMPLAINT
Case No.

11

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

36.     Capital One knows, or consciously avoids knowing, that its commercial "Refer a Friend" text messages are being transmitted to Washington residents that have not clearly and affirmatively consented in advance to receive its referral text messages.  As discussed in greater detail above, Capital One promotes its Refer a Friend program nationally, including to existing cardholders in Washington. Capital One knows that existing cardholders have contacts in Washington, and that they text referral links to Washington consumers. Capital One also knows that the text messages are received by Washington residents, because it keeps track of which consumers click the referral link and fill out the form.  Capital One also knows that recipients who receive the text messages have not clearly and affirmatively consented, because it keeps records of which Washington consumers have provided advance consent.

37.     In addition, for the reasons described above, Capital One knows or consciously avoids knowing that its existing cardholders do not obtain clear and affirmative advance consent prior to texting their contacts.  As described above, Capital One knows that existing cardholders do not obtain consent because the cardholders are unaware that they are supposed to obtain consent prior to sending the messages (much less clear and affirmative consent to receive commercial text messages).  But instead of requiring proof of consent, or prohibiting cardholders from texting referrals without consent, Defendant directs its customers to send texts to Washington residents, and offers lucrative referral fees for doing so.  Capital One benefits from the sending of illegal text messages to Washington residents, because it can advertise its products, target new customers, and make money from new cardholders in Washington.

**D.     Plaintiff received illegal referral text messages from Defendant, and was harmed by Defendant's referral text messaging practices.**

38.     On April 6, 2024, Plaintiff received an unsolicited text message inviting her to sign up for a Capital One card, while a resident of Stanwood, Washington.  A screenshot of the text message is shown below:

CLASS ACTION COMPLAINT
Case No.

12

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17



18    39.    Plaintiff did not provide clear and affirmative consent to receive the promotional or

19 marketing material from Capital One via text message.  In fact, she promptly responded, "Stop sending

20 me these."

21    40.    The text message contained text that was composed by Capital One.  In addition, the

22 link appears to come from Capital One, stating: "Your friend thinks you'll love a Capital One card."  It

23 contains a link that directs to a Capital One page at "capital.one."  It contains an image generated by

24 Capital One, of a person holding a credit card. In short, based on all information available to her,

25 Plaintiff reasonably believed, as do other reasonable consumers, that she was dealing with Capital One

26 and Capital One's promotion, and that her contact was sending her a Capital One promotion via text on

27 Capital One's behalf.

41.    Plaintiff had no means of opting out of receiving the unsolicited commercial text message, and still has no means of opting out of future referral messages. So, Plaintiff faces an imminent threat of future harm.  But without an injunction, Plaintiff has no realistic way to stop the transmission of future Capital One referral messages to her personal phone number.

**V.    Class Action Allegations.**

42.    Plaintiff brings the asserted claims for the following Class: all persons who, within the applicable statute of limitations period and without having given advance clear and affirmative consent, received a Capital One "Refer a Friend" text message to their cellular telephone number while residing in Washington.

43.    The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### *Numerosity & Ascertainability*

44.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens of thousands or more class members.

45.    Class members can be identified through Defendant's records and public notice.

### *Predominance of Common Questions*

46.    There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation: (1) whether Defendant's "Refer a Friend" text messages are commercial text messages; (2) whether Defendant violated CEMA and the Washington Consumer Protection Act, and (3) class-wide injunctive relief necessary to prevent harm to Plaintiff and the class.

*Typicality & Adequacy*

47.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff received an unwanted commercial text message sent to her telephone number on behalf of Capital One. There are no conflicts of interest between Plaintiff and the class.

*Superiority*

48.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.    Claims.

### Count I: Violation of the Washington Commercial Electronic Mail Act: RCW §19.190 *et seq.*

49.     Plaintiff incorporates each and every factual allegation set forth above.

50.     Plaintiff brings this cause of action on behalf of herself and members of the Class.

51.     Washington's Commercial Electronic Mail Act (CEMA) states, in relevant part, "no person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a Washington resident" unless the recipient has "clearly and affirmatively consented in advance to receive these text messages."  RCW §§ 19.190.060-191.190.070.

52.     Defendant is a "person," as the term is defined by RCW § 19.190.010(11).  Defendant is a corporation, and the statute's definition of "person" includes a "corporation."

53.     Defendant is a person "conducting business in the state" of Washington, as used in RCW §19.190.060.  Defendant conducts business transactions within this state.  Defendant advertises and sells its products and services to customers in this state, and serves a market for its products and services in this state.

54.     As alleged in detail above, Defendant's referral text messages are a "commercial text message" under CEMA.  They promote and advertise Defendant's credit card products.

55.     As alleged in further detail above, Defendant also violates CEMA by initiating the transmission of commercial text messages to Washington residents who did not clearly and affirmatively

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

consent in advance to receive the text messages. As described in further detail above, cardmembers who sent the text messages to their contacts (pursuant to the "Refer a Friend" program) were actual and/or apparent agents of Capital One. Defendant ratified the actions of their cardmembers (i.e. the sending of the text messages as described above).

56.     As alleged in further detail above, Defendant violates CEMA by assisting in the transmission of commercial electronic text messages to Washington residents who did not clearly and affirmatively consent in advance to receive the text messages. As described in further detail above, through its "Refer a Friend" feature on its app and website, Defendant composes text messages and referral links for its cardholders to share via text messaging with others, including Washington residents who have not consented to receive them.

57.     Defendant knew, or should have known, that the text messages were transmitted to Washington residents who have not "clearly and affirmatively consented in advance to receive these text messages." RCW § 19.190.070(1)(b). As described in further detail above, Defendant does not require the existing cardmembers to obtain the necessary clear and affirmative prior consent before sending the referral texts. And, the existing cardmembers do not obtain the consent. Defendant itself does not obtain the required consent prior to assisting in the transmission. In addition, as described in further detail above, Defendant markets its Refer a Friend promotion nationwide, including to residents in Washington. Defendant further knows which Washington cell phone numbers have consented to receive commercial text messages from it. Despite this, Defendant does not check to see whether a Washington consumer has consented to receive the messages, prior to initiating and assisting in sending the Refer a Friend messages.

58.     As described in further detail above, Defendant knew, or should have known, that these text messages were sent to telephone numbers assigned to Washington residents for cellular telephone service equipped with short message service.

59.     As described in further detail above, Defendant initiated and assisted in the transmission of unsolicited text messages to Plaintiff and other members of the class. Plaintiff and class members received the text messages.

CLASS ACTION COMPLAINT
Case No.

16

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

60.     Defendant's referral text messaging practices were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

61.     Plaintiff and the Washington class were injured as a direct and proximate result of Defendant's conduct because (a) they have received an unsolicited commercial electronic text message that Defendant assisted in transmitting to their assigned telephone number; and (b) they never provided clear and affirmative consent in advance to receive the commercial electronic text messages.

62.     Plaintiff seeks actual or statutory damages of $500 per class member, whichever is greater, reasonable attorneys' fees, treble damages, and all other available relief.

### Count II: Violation of the Washington Consumer Protection Act: RCW § 19.86

63.     Plaintiff incorporates each and every factual allegation set forth above.

64.     Plaintiff brings this cause of action on behalf of herself and members of the Class.

65.     Defendant has violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

66.     Section 19.86.020 of the CPA states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

67.     Under the CPA, a private right of action "may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee.  A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights."  Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 1986.090.

68.     As alleged in further detail above, Defendant violates CEMA by initiating and assisting in the transmission of commercial electronic text messages to Washington residents who did not clearly and affirmatively consent in advance to receive the text messages.  As described in further detail above, Defendant violates CEMA through its Refer a Friend program on its app and website.

CLASS ACTION COMPLAINT
Case No.

17

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

69.    As described in further detail above, Defendant initiated and assisted in the transmission of unsolicited text messages to Plaintiff and other members of the class.  Plaintiff and class members received the text messages.

70.    Defendant's referral text messaging practices were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

71.    Plaintiff and the Washington class were injured as a direct and proximate result of Defendant's conduct because (a) they have received an unsolicited commercial electronic text message that Defendant assisted in transmitting to their assigned telephone number; and (b) they never provided clear and affirmative consent in advance to receive the commercial electronic text messages.

72.    Plaintiff seeks actual or statutory damages of $500 per class member, whichever is greater, reasonable attorneys' fees, treble damages, and all other available relief.

73.    Violations of the CEMA are "not reasonable in relation to the development and preservation of business" and are an "unfair or deceptive act in trade or commerce and an unfair method of competition" for the purpose of applying the CPA. RCW § 19.190.100.

74.    Defendant's acts or omissions are injurious to the public interest because these practices were committed in the course of Defendant's business and were committed repeatedly before and after Plaintiff received a commercial electronic text message that was transmitted through assistance from Defendant.  These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

VII.    **Jury Demand.**

75.    Plaintiff demands the right to a jury trial on all claims so triable.

VIII.    **Prayer for Relief.**

76.    Plaintiff seeks the following relief for herself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed class;

- Damages, including statutory damages, treble damages, and punitive damages where applicable;

CLASS ACTION COMPLAINT
Case No.

18

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  • Restitution;

2  • Rescission;

3  • Disgorgement, and other just equitable relief;

4  • Pre- and post-judgment interest;

5  • An injunction prohibiting Defendant's deceptive conduct, as allowed by law;

6  • Reasonable attorneys' fees and costs, as allowed by law;

7  • Any additional relief that the Court deems reasonable and just.

8

9  Dated: May 23, 2024                    Respectfully submitted,

10                                        Carson & Noel, PLLC

11                                        By: /s/ Wright A. Noel

12                                        Wright A. Noel, WSBA No. 25264
13                                        20 Sixth Ave. NE
                                          Issaquah WA 98027Tel: 425-395-7786
14                                        Fax: 425-837-5396
15                                        Email: wright@carsonnoel.com

16                                        Christin K. Cho (Cal. Bar No. 238173)*
                                          christin@dovel.com
17                                        DOVEL & LUNER, LLP
                                          201 Santa Monica Blvd., Suite 600
18                                        Santa Monica, California 90401
                                          Telephone: (310) 656-7066
19                                        Facsimile: (310) 656-7069

20                                        *Counsel for Plaintiff*

21                                        **Pro Hac Vice* applications forthcoming

22

23

24

25

26

27

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066