UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMIE JENSEN, | CASE NO. C24-0727-KKE |
| Plaintiff(s), | ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY |
| v. | |
| CAPITAL ONE FINANCIAL CORPORATION, | |
| Defendant(s). | |

Plaintiff Tamie Jensen filed this putative class action in May 2024, alleging that "by initiating the transmission of commercial text messages to Washington residents who did not clearly and affirmatively consent in advance to receive the text messages" via its "Refer a Friend" program, Defendant Capital One Financial Corporation ("Capital One") violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). Dkt. No. 1 at 17–20. In August 2024, Capital One filed a motion to dismiss, contending that Jensen's CEMA claim is preempted and that (in the alternative) Jensen has failed to state a claim for a CEMA or CPA violation, and that even if the Court disagrees with either of those contentions, the class allegations should be stricken from the complaint. Dkt. No. 15.

While the motion to dismiss was pending, Capital One also filed a motion to stay discovery until the motion to dismiss is resolved. Dkt. No. 25. According to Capital One, requiring it to respond to discovery requests while a potentially dispositive or case-narrowing motion is pending

ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY - 1

would be needlessly expensive and wasteful. *Id*. at 7–10. Jensen opposes the motion, noting that discovery stays pending a motion to dismiss are the exception, not the rule, and that Capital One is not necessarily likely to prevail on its motion to dismiss. Dkt. No. 27. At oral argument, Jensen acknowledged that no harm would result from a brief stay of discovery, but nonetheless asked the Court to review her forthcoming opposition brief to assure itself that her complaint could withstand Capital One's motion to dismiss.

Courts may enter protective orders to limit or prohibit discovery for good cause. *See* Fed. R. Civ. P. 26(c). Good cause for a protective order can include the filing of a dispositive motion, although that situation does not automatically require a discovery stay. *See Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 66–67 (D. Conn. 2010). When determining whether to stay discovery while a dispositive motion is pending, courts consider whether the defendant has "made a strong showing that the plaintiff's claim is unmeritorious; the breadth of discovery and the burden of responding to it; and the risk of unfair prejudice to the party opposing the stay." *Id*. at 67.

As to the first consideration, the Court has reviewed Capital One's motion as well as Jensen's opposition brief, which reveal that the issues in the motion are fully and vigorously contested, although Capital One has presented multiple potential grounds for dismissing or narrowing the claims raised in the complaint. As to the second consideration, Capital One has explained how discovery in this case will be particularly challenging and expensive, given that Jensen contends that the putative class includes tens of thousands or more people. *See* Dkt. No. 25 at 8–9 (referencing Dkt. No. 1 ¶ 44). And as to the third consideration, no harm will result from a brief stay.

On balance, the Court finds that the circumstances here warrant an exercise of discretion to stay discovery until the pending motion to dismiss is resolved. *See Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending

the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979))).

Accordingly, the Court therefore GRANTS Defendant's motion. Dkt. No. 25.

Dated this 23rd day of October, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY - 3